BOBBY FRED SMITH, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5636

DAVID C. LUSE, AKA DAVID CLAUDE LUSE, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5713

February 10, 1969            450 P.2d 356

[Rehearings denied March 5, 1969]

*James C. Martin,* of Carson City, for Appellant Bobby Fred Smith.

*Melvin Schaengold,* of Reno, for Appellant David C. Luse, aka David Claude Luse.

*Harvey Dickerson,* Attorney General, and *Robert A. Groves,* Deputy Attorney General, of Carson City, for Respondent.

84

## OPINION

By the Court, THOMPSON, J.:

We recently ruled that an indigent person on probation is not entitled to appointed counsel at a revocation hearing in which sentence has been imposed after a felony conviction, but the execution thereof had been suspended during good behavior on probation. In re DuBois, 84 Nev. 562, 445 P.2d 354 (1968). We there distinguished the United States Supreme Court decision of Mempa v. Rhay, 389 U.S. 128 (1967), which requires counsel, unless waived, in a case where sentencing of the convicted felon is deferred subject to probation. Mempa considered the imposition of sentence to be a critical stage in the criminal proceeding, and mainly for that reason concluded that the Sixth Amendment affords a probationer the right to counsel at a revocation hearing where sentence will be imposed if revocation occurs. Since in Nevada the convicted defendant is represented by counsel, absent waiver, at the time sentence is imposed, we deemed the precise holding of Mempa inapplicable to the procedure followed in this state.

Today, in consolidated cases, we are asked to overturn In re DuBois. Each appellant is indigent. Each was convicted of a felony, sentenced, and placed on probation. In each instance probation was later revoked at a hearing in the absence of counsel. Each prisoner sought post-conviction relief, and these consolidated appeals are from district court judgments denying relief.

It would appear that DuBois is dispositive and renders this consolidated appeal unworthy of serious consideration. However, a new contention is pressed—one concerning the possible application of the equal protection clause to the issue at hand—

a contention not urged when we decided DuBois, and one which we now must consider.

The contention is simply this. A probationer with money may retain counsel to represent him at a revocation hearing. To deny appointed counsel to an indigent probationer is to deny him equal protection of the law. The rich and the poor must be treated alike insofar as the right to counsel is concerned. This argument was approved by the Oregon Supreme Court in a lucid opinion, Perry v. Williard, 427 P.2d 1020 (Ore. 1967), and is not lightly to be cast aside. We do not, however, choose to accept it in Nevada, for reasons which to us seem sound.

The Sixth Amendment right to counsel cases decided by the United States Supreme Court center upon the need for counsel at critical stages of the criminal proceeding in order to insure fundamental fairness in the treatment of an accused or of one upon whom suspicion is focused. Consequently, that court has ruled that the right to counsel attaches when a police investigation is no longer a general inquiry into an unsolved crime but has begun to focus upon a particular suspect in police custody (Escobedo v. Illinois, 378 U.S. 478 (1964)); at pre-trial lineup conducted for identification purposes (United States v. Wade, 388 U.S. 218 (1967); Gilbert v. California, 388 U.S. 263 (1967)); at the time when a plea is entered (White v. Maryland, 373 U.S. 59 (1963); Hamilton v. Alabama, 368 U.S. 52 (1961)); at trial (Gideon v. Wainwright, 372 U.S. 335 (1963)); when sentence is imposed (Mempa v. Rhay, 389 U.S. 128 (1967)); and on a convicted person's first appeal granted as a matter of right (Douglas v. California, 372 U.S. 353 (1963)). All of those cases rest upon the guarantees of fair procedure inherent in the Due Process Clause of the Fourteenth Amendment through which the Sixth Amendment is made applicable to the states, with only Douglas v. California giving equivalent emphasis to equal protection.

In our judgment the Equal Protection Clause is not apposite, and its application to the problem at hand can lead only to mischievous results. A disparity in wealth between a probationer who can afford to retain counsel and one who cannot does not necessarily create an equal protection problem. Something more must be present. There must be a deviation from commonly held notions of fundamental fairness which creates an invidious discrimination. Thus, a court concerned with this problem must distinguish between the privilege of one to have

counsel present and the constitutional right to enjoy the assistance of counsel. The transformation of privilege into right occurs when a critical stage in the criminal process is reached. This is how we read the High Court's declarations in the Sixth Amendment right to counsel cases. To date, at least, a probation revocation hearing is not such a critical stage unless sentence is to be imposed if revocation occurs. Mempa v. Rhay, supra. Since, in Nevada sentencing does not happen at that time, we adhere to the belief that a probationer does not have a right under the Sixth Amendment to have appointed counsel present. Nor does a disparity in wealth necessarily create an invidious discrimination and deny equal protection to probationers. Finally, we cannot say that due process of law is denied a probationer without counsel within the framework of our existing statutory scheme. Shum v. Fogliani, 82 Nev. 156, 413 P.2d 495 (1966).

The judgments below are affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.