WILLIE BARGAS, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6259

January 28, 1971                                    482 P.2d 317

*Jerry C. Lane,* of Carson City, for Appellant.

*Robert List,* Attorney General, *Howard D. McKibben,* District Attorney, Douglas County, for Respondent.

## OPINION

By the Court, BATJER, J.:

This appeal is from the denial of a petition for a writ of habeas corpus in which the appellant alleges that he was denied his constitutional right to appointed counsel at the hearing for the revocation of his probation previously granted.

We have heretofore established that an indigent person convicted of a felony who had been previously sentenced and then placed on probation, but the execution thereof had been suspended during good behavior, is not entitled to appointment of counsel. Shum v. Fogliani, 82 Nev. 156, 413 P.2d 495 (1966); In re DuBois, 84 Nev. 562, 445 P.2d 354 (1968); Smith v. Warden, 85 Nev. 83, 450 P.2d 356 (1969). In seeking to have this court overrule those cases, the appellant relies upon Hewett v. State of North Carolina, 415 F.2d 1316 (4th CA 1969), which was decided since In re DuBois and Smith, supra.

This case may be distinguished from *Hewett* on the facts. Here the appellant readily admitted, at his revocation hearing, that he had possessed marijuana during the term of his probation and furthermore he did not ask for the assistance of counsel. In *Hewett,* the defendant questioned the nature of his alleged violation and requested the assistance of counsel. We do not, however, decide this case on its factual difference from *Hewett* because we do not find the announced holding of that case to be persuasive.

We are bound by the decisions of the United States Supreme Court (Nevada Constitution, Article 1, Sec. 2).[1] We are not

---

[1] Nevada Constitution, Art. 1, § 2: "All political power is inherent in the people [.] Government is instituted for the protection, security and benefit of the people; and they have the right to alter or reform the same whenever the public good may require it. But the Paramount Allegiance of every citizen is due to the Federal Government in the exercise of all its Constitutional powers as the same have been or may be defined by the Supreme Court of the United States; and no power exists in the people of this or any other State of the Federal Union to

bound by the decisions of the other federal courts. In some instances we might follow the decisions of the other federal courts. Here we have carefully considered *Hewett v. State of North Carolina, supra*. We find the holdings in that case opposite to our holdings in *In re DuBois, supra*, and *Smith v. Warden, supra*. Those cases were decided by this court in the light of *Mempa v. Rhay*, 389 U.S. 128 (1967), which is the latest holding by the High Court on the question of the right to counsel at a hearing for the revocation of probation. We believe that *In re DuBois* and *Smith* were correctly decided. We reaffirm those holdings and apply them to this case.

A point of law, once determined, will not be unsettled except for very weighty and conclusive reasons. *Evans v. Cook*, 11 Nev. 69 (1876); *Maitia v. Allied L. & L. S. Co.*, 49 Nev. 451 (1926). The reasoning in *Hewett v. State of North Carolina, supra*, does not persuade us to alter our position on this matter. We therefore reject the holding in that case.

■■■■■■■

The order of the district court denying the appellant's petition for a writ of habeas corpus is affirmed.

ZENOFF, C. J., MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

dissolve their connection therewith or perform any act tending to impair [,] subvert, or resist the Supreme Authority of the Government of the United States. The Constitution of the United States confers full power on the Federal Government to maintain and Perpetuate its existance [existence], and whensoever any portion of the States, or people thereof attempt to secede from the Federal Union or forcibly resist the Execution of its laws, the Federal Government may, by warrant of the Constitution, employ armed force in compelling obedience to its Authority."