RUSSELL C. RAHN, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6787

July 19, 1972                                        498 P.2d 1344

---

*J. Rayner Kjeldsen,* of Reno, for Appellant.

*Robert List,* Attorney General, and *William Macdonald,* District Attorney, Humboldt County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

In May 1969, the appellant was convicted of being an ex-felon in possession of a concealed weapon, was sentenced upon his plea of guilty to serve a term of four years in the Nevada State Prison, but the sentence was suspended and he was placed on probation for a period of two years. He was represented by counsel at that time. In August 1970 he was brought before the court to answer the charge that he had violated the terms of his probation. At that time he requested the appointment of an attorney to represent him and claimed

that he did not have funds to employ an attorney. His request was denied, his probation revoked after a hearing, and he was placed in the custody of the respondent to serve the sentence which had previously been imposed. He now asserts that his constitutional rights were violated by the denial of counsel at the probation revocation hearing and, in addition, that he was the victim of an unlawful search and seizure when arrested for the underlying crime.

1. Beginning with Shum v. Fogliani, 82 Nev. 156, 413 P.2d 495 (1966), this court consistently has ruled that an indigent person on probation is not entitled to appointed counsel at a revocation hearing if sentence already had been imposed for his underlying felony conviction, but the execution thereof suspended during good behavior on probation. In re DuBois, 84 Nev. 562, 445 P.2d 354 (1968); Smith v. Warden, 85 Nev. 83, 450 P.2d 356 (1969); Bargas v. Warden, 87 Nev. 30, 482 P.2d 317 (1971). On May 24, 1972, the Federal Court of Appeals for the Ninth Circuit held that the Sixth and Fourteenth Amendments of the Federal Constitution require that an indigent criminal defendant be afforded the assistance of counsel at a Nevada probation revocation hearing. Flint v. Hocker, 462 F.2d 590 (1972). That court wrote: "The effect of revocation of probation in Nevada is to enhance punishment. When probation is granted, the original sentence is suspended on condition that the terms of probation are fulfilled. When probation is revoked, the sentence first begins to run, without any credit for the time served on probation. Flint's one-to-fifteen-year sentence commenced upon revocation of his probation without allowing him any credit for the two years he had been on probation. The result of the Nevada revocation procedure is, therefore, to increase the period during which Flint would be in actual and constructive custody from a maximum of fifteen years to a maximum of almost seventeen years. Flint was not, therefore, serving a part of his sentence outside of the walls of prison. Under these circumstances, probation revocation is a critical stage of the criminal process, and Flint was entitled to the appointment of counsel."

Although that opinion does not bind this court, the Nevada Federal District Court is obliged to follow it. We, therefore, choose to follow it as well, since to do otherwise would place an unnecessary burden upon the Nevada Federal District Court in processing post-conviction applications asserting this particular ground for relief.

2. When sentenced for the underlying crime, the appellant was represented by counsel and voluntarily entered his plea of guilty to that charge for which sentence was imposed. He does not contend that his plea was coerced. In these circumstances, his conviction is not open to collateral attack for an alleged unlawful search and seizure at the time of arrest. The plea of guilty, entered voluntarily and with the advice of competent counsel, supersedes any such alleged errors. Mathis v. Warden, 86 Nev. 439, 471 P.2d 233 (1970); Powell v. Sheriff, 85 Nev. 684, 462 P.2d 756 (1969); Hall v. Warden, 83 Nev. 446, 434 P.2d 425 (1967); Rainsberger v. State, 81 Nev. 92, 399 P.2d 129 (1965).

We affirm the district court denial of post-conviction relief on this point, but remand the matter to the district court for a new revocation hearing at which the appellant shall be represented by the State Defender or appointed counsel.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.