JON LEE CUNNINGHAM, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9860

March 15, 1978                                    575 P.2d 936

*Morgan D. Harris,* Public Defender, and *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Convicted by jury verdict of first degree murder and sentenced to life imprisonment without possibility of parole, appellant contends: (1) there is insufficient evidence to support the jury's verdict; (2) the voir dire of the jury was improperly conducted; and, (3) the sentencing procedure of the district court violated his Sixth Amendment right to counsel. We reject appellant's first two contentions and affirm the judgment of conviction. However, the third contention has merit and necessitates a remand for the resentencing of appellant.

1. Appellant's first contention is without merit. "When there is conflicting testimony presented, it is for the jury to determine what weight and credibility to give to the testimony. 'Where there is substantial evidence to support a verdict in a criminal case, as the record indicates in this case, the reviewing court will not disturb the verdict nor set aside the judgment.' " Hankins v. State, 91 Nev. 477, 478, 538 P.2d 167, 168 (1975).

2. Appellant's challenge to the manner in which the voir dire examination of the jury was conducted is also without merit. The district court conducted the examination of the trial jurors in accordance with NRS 175.031.[1] "[T]he scope of that examination is within the sound discretion of the court[,]" Oliver v. State, 85 Nev. 418, 424, 456 P.2d 431, 435 (1969), and "[o]n review such discretion is accorded considerable latitude." Spillers v. State, 84 Nev. 23, 27, 436 P.2d 18, 20 (1968). Notwithstanding appellant's bare allegations to the contrary, we perceive no abuse of discretion in the manner voir dire was conducted.

Further, we decline to consider appellant's constitutional challenge to NRS 175.031 because he has failed to cite any relevant authority in support of that argument. McKinney v. Sheriff, 93 Nev. 70, 560 P.2d 151 (1977); Williams v. State, 88 Nev. 164, 494 P.2d 960 (1972).

3. At the time set for sentencing appellant, his trial counsel, a deputy on the public defender's staff, was not present. While another deputy public defender was in attendance, he informed the court that he was not familiar with the case nor representing appellant, but was merely appearing to request a one-hour continuance of the proceedings so that appellant's trial counsel could be present. Despite objections and appellant's refusal to waive his right to have his trial counsel present, the district judge proceeded to sentence appellant.

It is well established that "the sentencing [of the defendant] is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel." Gardner v. Florida, 430 U.S. 349, 358 (1977). See also Mempa v. Rhay, 389

---

[1]NRS 175.031 provides:

"The court shall conduct the examination of prospective jurors, except it shall permit the defendant or his attorney and the district attorney to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper."

U.S. 128 (1967); Smith v. Warden, 85 Nev. 83, 450 P.2d 356 (1969). Further, NRS 176.015(2) requires that "[b]efore imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant. . . . " In light of the factual posture of this case, the sentencing of appellant without counsel violated both these mandates.

Accordingly, the conviction is affirmed. However, the sentence is vacated, and the case is remanded with instructions to resentence appellant utilizing procedures conforming with the law.