ALFRED ROBERT BARTON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11726

March 13, 1980                                    607 P.2d 586

*Mills, Galliher, Lukens, Gibson, Schwartzer & Shinehouse,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant contends that his convictions on five counts of robbery with use of a deadly weapon must be reversed because of alleged errors occurring in the arraignment process.

An indictment was returned against appellant on June 7, 1978. On June 12, 1978, appellant was brought before the district court to be arraigned. At that time appellant was supplied a copy of the indictment but waived its reading. However, since appellant had not yet obtained counsel, he was not called upon to enter a plea. Several continuances were thereafter granted appellant for the purpose of allowing him time in which to engage counsel. His attempts to procure private counsel failed and counsel was thereafter appointed for him. On December 13, 1978, appellant appeared in court; his appointed counsel objected that the June 12th hearing could not be considered an arraignment because no plea had been entered and because appellant had not been represented by counsel. The court overruled the objection on the grounds that appellant had been adequately apprised of the charges against him and that no affirmative action had been required of appellant at the June 12th hearing. Thereupon, appellant was called upon to plead and he entered pleas of not guilty to all counts.

Appellant contends that the above-described proceedings were violative of NRS 174.015, NRS 174.035, and the Sixth Amendment of the United States Constitution. The statutes cited above require in pertinent part that the arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to enter a plea. In addition, a copy of the indictment or information must be supplied to the accused.

The Sixth Amendment requires that an accused be afforded the assistance of counsel at a critical stage of the prosecution. *See* Coleman v. Alabama, 399 U.S. 1 (1970); Hamilton v. Alabama, 368 U.S. 52 (1961); Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965). We have reviewed the record and conclude that the proceedings below fully comported with statutory and constitutional requirements.

Appellant's contention that the right to counsel attached at the June 12th hearing is clearly without merit. Such a right arises only at a critical stage of the proceedings. But apart from supplying appellant with a copy of the indictment, as required by NRS 174.015, it is apparent that nothing of any significance occurred at the hearing. Appellant simply was not required to take any action that would affect his substantial rights in any way; therefore, the hearing could not be a critical stage and no Sixth Amendment deprivation could have occurred.

The action of the district court in continuing the June 12th

hearing was entirely proper. To have proceeded to entry of the plea would have clearly violated appellant's right to counsel as entry of a plea *is* a critical stage in the proceedings. *See* Smith v. Warden, 85 Nev. 83, 450 P.2d 356 (1969), *cert. denied,* 396 U.S. 860 (1969); Garnick v. Miller, *supra;* Ex Parte Hoff, 80 Nev. 360, 393 P.2d 619 (1964). Subsequently, when appellant pled not guilty to the charges, after counsel had been appointed, the statutory requirement that the plea be taken was met. The actions of the district court were, therefore, in all respects proper.

Affirmed.