JOHN BRINKLEY AND HUGH EARL DRUMMOND, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 16083

November 5, 1985

708 P.2d 1026

*Robert A. Bork,* State Public Defender; *Kenneth Ward,* Deputy; *Michael Powell,* Deputy, Carson City; for Appellant Brinkley.

*Mackedon & McCormick,* Fallon, for Appellant Drummond.

*Brian McKay,* Attorney General, Carson City; *William E. Cooper,* District Attorney; *Michael Dinning,* Deputy; *Robert V. Bogan,* Deputy, Fallon, for Respondent.

## OPINION

*Per Curiam:*

John Brinkley stands convicted of five counts of unlawfully obtaining a controlled substance or prescription and one count of unlawful conspiracy to obtain a controlled substance or prescription.

Hugh Drummond stands convicted of three counts of unlawfully obtaining a controlled substance or prescription and one count of conspiracy to obtain a controlled substance or prescription.

Each appellant was sentenced to imprisonment in the Nevada State Prison for three years on each count of unlawfully obtaining a controlled substance or prescription. Said sentences were to be served concurrently with each other. Additionally, each appellant was sentenced to one year in the Churchill County Jail for the crime of conspiracy to unlawfully obtain a controlled substance or prescription. Said sentences to be served concurrently with the state imprisonment.

## The Facts

John Brinkley and Hugh Drummond lived together in Fallon, Nevada, with Brinkley's elderly mother. Brinkley complained of back pain as a result of a traumatic injury suffered in 1970 and as a result of scoliosis.

Brinkley would frequent numerous medical doctors in order to obtain prescriptions for controlled substances (Fiorinal, Fiorinal with Codeine, Percodan, etc.). In violation of NRS 453.391, Brinkley failed to inform these practitioners that he was receiving controlled substances from others.[1] On several occasions Drummond would obtain the prescription on Brinkley's behalf (from the practitioner) and fill the prescription at a pharmacy.

## Discussion

The first issue raised on appeal was whether the trial court erred by denying Brinkley assistance of counsel during a motion for continuance and whether the motion was appropriately denied. Six days before trial, Brinkley and Drummond filed an In Propria Persona Motion to Continue. The motion was brought for two reasons: (1) both appellants were displeased with the lack of communication with their court-appointed counsel; and (2) Drummond suddenly had money to retain counsel for himself and Brinkley. The motion was heard the following day and denied. Additionally, the trial court denied Brinkley's request that counsel assist him in presenting the motion.

The right to counsel extends to any *critical* stage of the criminal proceeding. Garnich v. Miller, 81 Nev. 372, 375, 403 P.2d 850, 852 (1965) *citing* Gideon v. Wainwright, 372 U.S. 335 (1963). Appellants fail to cite any authority to show that a motion to continue can be deemed a critical stage of a criminal proceeding.

In Barton v. State, 96 Nev. 267, 607 P.2d 586 (1980), this court determined that the defendant was *not* denied the assistance of counsel at a critical stage of the proceeding because nothing of any significance occurred at the hearing. The defendant was not required to take any action affecting his substantive rights; therefore, the hearing could not be deemed critical. *Id.*

[1]NRS 453.391, provides no person may:

> 2. While undergoing treatment and being supplied with any controlled substance or a prescription for any controlled substance from one practitioner, knowingly obtain any controlled substance or a prescription for a controlled substance from another practitioner without disclosing this fact to the second practitioner. (Amended 1985 but the substantive portion of the statute was not effected.)

Utilizing this guideline, it cannot be said that appellants' motion to continue was a critical stage of their criminal proceedings. Therefore, the trial court did not err by denying assistance of counsel in presenting the motion for continuance.

It has also been noted by this court that the right to counsel of one's own choosing is *not* absolute. Thomas v. State, 94 Nev. 605, 607, 584 P.2d 674, 676 (1978) *citing* United States *ex rel.* Baskerville v. Deegan, 428 F.2d 714, 716 (2d Cir. 1970). Appellants had court-appointed counsel to represent their interests at trial. The reasons provided by appellants as to why they were displeased with court-appointed counsel were unnoteworthy. Appellants brought their motion on for hearing five days before trial was scheduled to begin. The jury had been subpoenaed. Ordinarily, denial of such a motion for continuance, immediately prior to trial, is within the discretion of the trial court. Bullis v. State, 83 Nev. 175, 176, 426 P.2d 423, 424 (1967). In the instant case, there is no evidence showing an abuse of discretion.

The second issue raised on appeal is whether the trial court erred by allowing evidence of other criminal conduct at trial. The trial court permitted the State to introduce evidence of other bad acts for the limited purpose of showing absence of mistake and common scheme or plan. Additionally, the evidence was used to prove the existence of a conspiracy.

The evidence in question revealed that subsequent to the occurrence of the substantive crimes, Drummond attempted to obtain a controlled substance by utilizing a forged prescription. While Drummond attempted to fill the prescription, Brinkley waited outside in the car. Brinkley admitted he had obtained a blank prescription form from Dr. Carlson.

NRS 48.045(2) prohibits the use of other crimes or bad acts to show that a person acted in conformity therewith. Such evidence may be admitted for other purposes, however.[2] Evidence under the "common plan or scheme" exception must tend to prove the charged crimes by revealing that the defendant planned to commit the crimes. Cirillo v. State, 96 Nev. 489, 492, 611 P.2d 1093, 1095 (1980). The offense must tend to establish a preconceived

---

[2]NRS 48.045(2) provides as follows:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

plan which resulted in commission of the charged crime. Nester v. State, 75 Nev. 41, 47, 334 P.2d 524, 527 (1959) *citing* Wigmore on Evidence, 2d Ed. § 300.

Once the evidence of other crimes or bad acts is deemed to fall within an exception, the matter of a fair trial must be evaluated. The relevant evidence should not be admitted if it is more likely to distract from the essential issue than to bear upon it. *Nester* at 54. The decision whether to admit or exclude such evidence rests within the sound discretion of the trial court. Hill v. State, 95 Nev. 327, 330, 594 P.2d 699, 701 (1979) (citation omitted).

Brinkley claimed that the failure to disclose to each practitioner that he was receiving controlled substances from other practitioners was the result of innocent mistake. The evidence of the forgery negated this claim of innocent mistake. The forged prescription revealed that Brinkley did plan to deceive for the purpose of obtaining controlled substances. The forged prescription also tended to prove that Brinkley and Drummond planned and schemed to obtain numerous prescriptions for controlled substances. The evidence logically tended to show a common plan or scheme. The purpose of admitting the evidence was not merely to show a criminal disposition. As required by this court in Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965), the limited purpose for which the evidence was to be utilized was specifically stated. Additionally, the lower court attempted to minimize any unnecessary prejudice by excluding evidence that appellants were arrested as a result of this forged prescription and that Drummond was convicted for his participation in the offense. Accordingly, we see no occasion to disturb the trial court's discretionary ruling.

The third issue raised on appeal was whether the trial court erred by refusing an evaluation of Brinkley pursuant to NRS 458.300.[3] Brinkley filed a notice of election pursuant to NRS

---

[3]NRS 458.300, provides:

> Subject to the provisions of NRS 458.290 to 458.350, inclusive, an alcoholic or a drug addict who has been convicted of a crime is eligible to elect treatment under the supervision of a state-approved alcohol or drug treatment facility before he is sentenced unless:
> 1. The crime is a crime against the person as provided for in chapter 200 of NRS;
> 2. The crime is that of selling a controlled substance as defined in chapter 453 of NRS;
> 3. The crime is that of driving under the influence of intoxicating liquor or while an habitual user or under the influence of a controlled substance or while incapable of safely driving because of the use of any chemical, poison or organic solvent as provided for in NRS 484.379,

458.300 immediately following trial. He desired an evaluation (by a court-appointed counselor) to determine whether he was a substance abuser. The lower court denied the request on the basis that throughout trial Brinkley denied having an addiction problem.

NRS 458.310(1) contemplates a hearing if *either* the court has reason to believe the defendant is a substance abuser or the defendant claims he is an abuser.[4] The pre-sentence report completed by the Department of Parole and Probation recognized that Brinkley was a probable substance abuser and recommended such an evaluation. The record fails to reflect that anyone other than Brinkley consumed the drugs made available to him. It was undisputed that Brinkley suffered some degree of back pain. It is not unusual for persons addicted to drugs or alcohol to deny their addiction. This denial may be the result of a lack of awareness of the problem or an unwillingness to admit the problem and confront it.

Substance abuse is a grave and widespread problem. The American Medical Association recognizes addiction as a psychiatric disorder. There are many treatment programs available, and the legislature's evident intent is to divert qualified substance abusers into appropriate programs.

---

or such driving which causes the death of or substantial bodily harm to another person as provided in NRS 484.3795;

    4. The alcoholic or drug addict has a record of one or more convictions of a crime of violence or of selling a controlled substance as defined in chapter 453 of NRS, or of two or more convictions of any felony;

    5. Other criminal proceedings alleging commission of a felony are pending against the alcoholic or drug addict;

    6. The alcoholic or drug addict is on probation or parole and the appropriate parole or probation authority does not consent to such election; or

    7. The alcoholic or drug addict elected and was admitted, pursuant to NRS 458.290 to 458.350, inclusive, to a treatment program on two prior occasions within any consecutive 2-year period. (Amended 1985 but substantive portion of the statute not effected.)

[4]NRS 458.310(1), provides:

    If the court has reason to believe that a person who has been convicted of a crime is an alcoholic or drug addict, or the person states that he is an alcoholic or drug addict, and the court finds that he is eligible to make the election provided for in NRS 458.300, the court shall hold a hearing before it sentences the person to determine whether or not he should receive treatment under the supervision of a state-approved alcohol or drug treatment facility. The district attorney may present the court with any evidence concerning the advisability of permitting the person to make the election. (Amended 1985 but the substantive portion of the statute was not effected.)

The lower court abused its discretion when Brinkley was denied an evaluation pursuant to NRS 458.300. John Brinkley should be evaluated. For use in that evaluation, the trial record should be made available.

The fourth issue raised by Drummond is without merit. Accordingly, we affirm in part; reverse in part; and remand with instructions.