MARCO ANTONIO SALAZAR, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 21473

December 30, 1991                    823 P.2d 273

---

[4]The Honorable Jerry v. Sullivan, Judge of the Sixth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE THOMAS L. STEFFEN, Justice. Nev. Const. art. VI, § 4.

*Gary D. Woodbury,* Elko, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Marshall Smith,* District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was arraigned in district court on April 16, 1990, on two counts of sale of a controlled substance. NRS 453.321. Appellant entered a plea of not guilty. Following a jury trial, the district court convicted appellant of both counts and sentenced appellant to serve two concurrent five-year terms in the Nevada State Prison. The district court further ordered that a certified copy of the judgment of conviction be sent to the Department of Immigration and Naturalization with the recommendation that appellant be deported as an undesirable alien.

On appeal, appellant challenges the method by which defense counsel was allowed to examine the potential jurors. Specifically, appellant contends that the district court improperly limited the time which counsel had to examine the potential jurors, and thereby effectively deprived appellant of his right to conduct supplemental voir dire. We agree.

On the first day of trial, Judge McDaniel informed the prospective jurors that he was going to use the "Arizona method" of jury selection.[1] Judge McDaniel seated twenty-three prospective

---

[1] No explanation of the "Arizona method" of jury selection appears in the record. We note, however, that Arizona Rule of Criminal Procedure 18.5 provides in part:

> d. Voir Dire Examination. The court shall conduct the *voir dire* examination, putting to the jurors all appropriate questions requested by counsel. The court may in its discretion examine one or more jurors apart from the other jurors.
>
> If good cause appears, the court may permit counsel to examine an individual juror.

After reading this rule, it is unclear to us why the district court referred to the

jurors and conducted his own voir dire. Judge McDaniel first addressed each prospective juror separately, asking each person where he lived, his occupation, his spouse's occupation, and how long he had lived in the Elko area. Judge McDaniel asked a series of questions of the group as a whole, asking the prospective jurors to raise their hands if their answer to any question was positive. The questions related generally to whether the prospective jurors had knowledge of the case or the parties, and whether they felt they could not be fair and impartial.

Following a short break, defense counsel began his voir dire of the prospective jurors. After counsel had questioned one woman and passed her for cause, the following exchange occurred:

> THE COURT: You have got to go at the whole panel. You have got 15 minutes on your first
>
> . . .
>
> DEFENSE COUNSEL: Court intends to impose the half hour limitation? Can I make a record that I object to that. That leaves us slightly over a minute for each juror. There are 23 jurors seated, and we are having imposed upon us a half hour limitation for voir dire. We believe that's an unreasonable limitation.
>
> THE COURT: You may proceed, I will consider whether or not to give you additional time. You are supposed to complete your examination in 20 minutes, Mr. Stermitz will have 30 minutes, then you will have an additional 10 minutes to go back and pick up loose ends. You may proceed.

Defense counsel proceeded to examine eleven more prospective jurors. Judge McDaniel then informed counsel that he had used up his thirty minutes and asked counsel to be seated. After the prosecutor completed his voir dire, Judge McDaniel and the attorneys retired to chambers to exercise their peremptory challenges. A lengthy exchange took place regarding the propriety of limiting voir dire to thirty minutes. During that discussion, defense counsel moved for a stay to seek an order from this court granting him additional voir dire. The district court denied counsel's motion, stating:

> My ruling is that you had—you have been allowed to reasonably participate in the voir dire examination. And I let you go beyond the half hour, and you still didn't finish. So we

method of jury selection it employed as the "Arizona method." Further, to use the method of voir dire established by Arizona Rule of Criminal Procedure 18.5 would be a violation of NRS 175.031. While the Arizona rule provides that the district court may permit counsel to examine an individual juror if good cause appears, NRS 175.031 provides that defendants are "entitled to supplement the examination by such further inquiry as the court deems proper."

ran out of time. It was time for exercising peremptory challenge [sic]. . . .

Your motion is denied. Your request to get a writ is denied. You will have to do it on appeal. . . .

NRS 175.031 provides:

The court shall conduct the initial examination of prospective jurors, and defendant or his attorney and the district attorney are entitled to supplement the examination by further inquiry as the court deems proper. Any supplemental examination must not be unreasonably restricted.

This court has stated that "[b]oth the scope of voir dire (Cunningham v. State, 94 Nev. 128, 575 P.2d 936 (1978)) and the method by which voir dire is pursued (Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980)) are within the discretion of the district court." Summers v. State, 102 Nev. 195, 199, 718 P.2d 676, 679.

Under the facts of this case, the district court abused its discretion in limiting defense counsel's voir dire to thirty minutes. The limitation was completely arbitrary, having no relation to the circumstances of the case, and resulted in defense counsel being deprived of the opportunity to examine eleven of the prospective jurors. Such a restriction clearly amounted to an unreasonable restriction of counsel's examination of the prospective jurors. See NRS 175.031. Further, we are unable to conclude that the district court's abuse of discretion did not prejudice appellant.

Accordingly, we reverse appellant's judgment of conviction, and we remand this case to the district court for a new trial.