An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVIS WILFORD BOWLES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60454

**FILED**

MAY 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of six counts of lewdness with a child under the age of 14 years. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Cross-examination

Appellant Travis Wilford Bowles contends that the district court erred by limiting his cross-examination of a victim by prohibiting his question about the victim's attempt to hurt herself. The district court sustained the State's objection to the question following an unrecorded bench conference. "Determinations of whether a limitation on cross-examination infringes upon the constitutional right of confrontation are reviewed de novo." *Mendoza v. State*, 122 Nev. 267, 277, 130 P.3d 176, 182 (2006). However, appellant has the burden to make a proper appellate record. *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980). Without a record of what transpired during the bench conference we are unable to review Bowles' assignment of error, and we conclude that he has failed overcome the presumption that the district court properly ruled on the State's objection. *Cf. Lee v. Sheriff*, 85 Nev. 379, 380-81, 455 P.2d 623, 624 (1969); *see generally Delaware v. Van Arsdall*, 475 U.S. 673, 679

13-14266

(1986) (observing that trial courts retain wide latitude to impose reasonable limits on cross-examination).

Bad acts evidence

Bowles contends that the district court erred by admitting evidence of an uncorroborated, uncharged, and irrelevant prior bad act. We review the district court's decision to admit or exclude evidence of other bad acts for an abuse of discretion and will not reverse absent manifest error. *Ledbetter v. State*, 122 Nev. 252, 259, 129 P.3d 671, 676 (2006). The record reveals that Bowles moved to redact the portion of the police interview transcript where he had described "an instance where he had gone into the bedroom and was masturbating and the younger girl walked in on him and he explained what was going on." The district court ruled that this statement was relevant to the victim's knowledge of masturbation and when she may have secured this knowledge. *See* NRS 48.045(2). We conclude that Bowles has not demonstrated that the district court committed manifest error in this regard. *See Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1250 (2012) (describing the test for admission of prior bad acts).

Psychological evaluations

Bowles contends that the district court erred by finding no compelling need for an independent psychological evaluation of the victims. "The decision to grant or deny a defendant's request for a psychological examination of a child-victim is within the sound discretion of the district court and will not be set aside absent an abuse of discretion." *Abbott v. State*, 122 Nev. 715, 723, 138 P.3d 462, 467 (2006) (internal quotation marks omitted). The record reveals that Bowles argued for an independent psychological evaluation of the victims based

on a psychological evaluation made by the Washoe County Department of Social Services, a West Hills Hospital report indicating that other experts "potentially questioned the emotional ability of these children to relate information," and changes to the victims' statements over time. The district court evaluated the documents, observed that the State was not calling any psychological experts, and found no compelling need for an independent psychological evaluation of the victims. We conclude that Bowles has failed to demonstrate that the district court abused its discretion in this regard. *See generally id.* at 718, 138 P.3d at 464 (reinstating the test in *Koerschner v. State*, 116 Nev. 1111, 13 P.3d 451 (2000), for determining whether to order an independent psychological evaluation of a child victim in a sexual assault case).

Bowles also contends that the district court erred by denying his discovery request for existing reports on the victims and the State committed misconduct by failing to provide them. "We review the district court's resolution of discovery disputes for an abuse of discretion." *Means v. State*, 120 Nev. 1001, 1007, 103 P.3d 25, 29 (2004). The record reveals that the State filed a supplemental notice of expert witnesses and indicated that these witnesses may be called during rebuttal. Bowles requested the experts' written reports, stated that he was entitled to the reports by statute, asserted that the reports contained exculpatory information, and admitted that he had a copy of a report containing exculpatory information. The district court ruled that the State did not have to produce documents that Bowles already possessed and Bowles could renew his motion if the State called the experts as rebuttal witnesses. We conclude from this record that Bowles has failed to demonstrate that the district court abused its discretion in resolving this

discovery dispute or that the State committed misconduct by failing to provide the expert witnesses' reports.

Defense witness testimony

Bowles contends that the district court erred by limiting testimony offered to show inconsistencies in the victims' statements and the State's allegations. "A trial court has broad discretion to determine the admissibility of evidence, and its determination to admit or exclude evidence is given great deference and will not be reversed absent manifest error." *Vega v. State*, 126 Nev. ___, ___, 236 P.3d 632, 638 (2010) (internal citation and quotation marks omitted). The record reveals that Bowles presented Jeffrey Allen, a licensed marriage and family therapist, as a lay witness and offered his testimony to the district court, outside the presence of the jury, for consideration. Allen testified that he was a mandatory reporter, had worked with children who were sexually abused, had worked with the Bowles family in their home on a weekly basis, and did not see anything to indicate that sexual abuse occurred in that home. The district court ruled that Bowles had not fulfilled the expert notice requirements, Allen could not testify as an expert that he would have noticed if sexual abuse was occurring in Bowles' home, and the hearsay testimony offered for consideration was inadmissible. We conclude from this record that Bowles has failed to demonstrate that the district court's ruling constituted manifest error. *See* NRS 50.265 (lay witness testimony); NRS 51.035 (defining hearsay); *Mulder v. State*, 116 Nev. 1, 14, 992 P.2d 845, 853 (2000) (a witness who fails to qualify as an expert is not permitted to testify unless he may otherwise be considered a lay witness).

Bowles also contends that the district court erred by prohibiting testimony regarding a victim's mental health because the testimony would have allowed the jury to better assess her credibility. We review for manifest error. *Vega*, 126 Nev. at ___, 236 P.3d at 638. The record reveals that Bowles argued that one of the victims attempted to harm herself three months after she was removed from his residence, the victim's attempt to harm herself indicates that she has emotional issues, and the jury should know about these emotional issues so that it may fully assess her credibility. The district court found that the victim's attempt to harm herself occurred after the times relevant to this case, there was no evidence that the victim's emotional issues were ongoing, and there was no evidence that the victim lacked comprehension or was emotionally compromised at the time of her testimony. The district court ruled that the proposed testimony concerning the victim's attempt to harm herself was irrelevant. We conclude from this record that Bowles has failed to demonstrate that the district court's ruling constituted manifest error. *See* NRS 48.015 (defining relevant evidence).

Jury instructions

Bowles contends that the district court erred by giving an incomplete lewdness instruction and rejecting his reasonable doubt instruction. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). The record reveals that the district court gave instructions on lewdness that accurately reflected Nevada law and fully apprised the jury of the elements of that offense and gave the reasonable doubt instruction required by statute. *See* NRS 175.211; NRS

201.230(1); *Garcia v. State*, 121 Nev. 327, 339-40, 113 P.3d 836, 844 (2005) (discussing the constitutionality of NRS 175.211(1)). Accordingly, we conclude that Bowles has failed to demonstrate that the district court abused its discretion or committed judicial error.

<u>Jury voir dire</u>

Bowles contends that the district court erred by unfairly limiting his voir dire of the prospective jurors. "[T]he scope of voir dire examination is within the sound discretion of the district court and the court's determination is accorded considerable latitude on appeal." *Stephans v. State*, 127 Nev. ___, ___, 262 P.3d 727, 735 (2011) (*citing Cunningham v. State*, 94 Nev. 128, 130, 575 P.2d 936, 937-38 (1978)). The record reveals that the district court held a hearing on the parties' proposed voir dire questions and ruled that Bowles could not ask questions that were argumentative or covered topics that the jury would need to be instructed on. We conclude that the district court did not unreasonably restrict Bowles' examination of the prospective jurors and Bowles has failed to demonstrate that the district court abused its discretion. *See* NRS 175.031.

Having considered Bowles' contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Connie J. Steinheimer, District Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk