An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERNEST ANTHONY ZENIER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67382

**FILED**

OCT 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Pursuant to plea negotiations, appellant pleaded guilty to child neglect and the State agreed not to oppose probation.[1] The trial court advised him that punishment was solely within its discretion and later sentenced him to 19 to 48 months in prison. Appellant argues that his guilty plea was involuntary because the trial court failed to advise him, as required by *United States v. Graibe*, 946 F.2d 1428 (9th Cir. 1991), that he would not be permitted to withdraw his guilty plea should the trial court not follow the plea agreement. Appellant acknowledges that *Graibe* concerned a federal criminal procedure rule that required such an advisement but contends that the rule's reasoning is based on federal constitutional due process rights mandating that guilty pleas be knowing,

---

[1]The plea agreement also included a provision that if appellant was granted probation and was honorably discharged, he could withdraw his plea and plead guilty to a gross misdemeanor child abuse charge with credit for time served.

15-31429

voluntary, and intelligent, *see* 946 F.2d at 1432; Fed. R. Crim. P. 11(c)(3)(B), and therefore the trial court was obligated to advise him in accordance with *Graibe*. We disagree. While *Graibe* speaks to the concept of federal constitutional due process, which requires a guilty plea to be voluntary, it does so through the lens of a mandatory federal criminal procedural rule to which Nevada has no counterpart. Further, we are not bound by the decisions of the federal courts of appeal, *see Nika v. State*, 124 Nev. 1272, 1285, 198 P.3d 839, 848 (2008); *Bargas v. Warden*, 87 Nev. 30, 31-32, 482 P.2d 317, 318 (1971), and the record does not show that appellant's guilty plea was otherwise involuntary, *see State v. Freese*, 116 Nev. 1097, 1106, 13 P.3d 442, 448 (2000) ("A defendant's comprehension of the consequences of a plea, the voluntariness of a plea and the general validity of a plea are to be determined by reviewing the entire record and looking to the totality of the facts and circumstances surrounding the plea."). Appellant was advised that sentencing was solely in the trial court's discretion and nothing in the agreement guaranteed a particular sentence or conditioned the plea on a particular sentence. Therefore, we conclude that the district court did not err by denying appellant's postconviction petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc: Hon. Stefany Miley, District Judge
Turco & Draskovich
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A