# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ROBERT KELLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73871

FILED

OCT 1 5 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

A jury convicted Christopher Keller of seven drug-related crimes and two counts of ownership or possession of a firearm by a prohibited person. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. On appeal, Keller argues that (1) the district court should have continued his trial date to allow him to substitute private counsel for his appointed counsel; (2) the district court should have suppressed the evidence obtained from his condominium; (3) the district court should have excluded phone conversations from the jail as inadmissible hearsay; and (4) the cumulative effect of these errors requires reversal. We affirm.

*The district court was within its discretion to deny substitution of counsel*

Keller argues that the district court erred by not granting a continuance on the first day of trial to allow him to substitute private counsel for appointed counsel. "We review the denial of a motion for substitution of counsel for abuse of discretion." *Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004). When determining whether the district court was within its discretion to deny a motion for substitution of counsel, we consider: "(1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of the motion." *Id.* (quoting *United States v. Moore*,

18-40419

159 F.3d 1154, 1158-59 (9th Cir. 1998)). Here, the district court was within its discretion to deny Keller's motion, because the conflict between Keller and his appointed counsel was not irreconcilable, the district court made an adequate inquiry, and the motion was untimely.

### Extent of the conflict

While Keller previously moved to dismiss his appointed counsel over eight months before trial and had filed a bar complaint against him, Keller's primary conflict with his appointed counsel at the time of trial was counsel's use of an investigator Keller disliked. Keller's objection to appointed counsel's choice of investigator and a newfound ability to afford private counsel shortly before trial do not constitute an irreconcilable conflict. *Compare Brinkley v. State*, 101 Nev. 676, 678-79, 708 P.2d 1026, 1028 (1985) (characterizing reasons for substituting counsel as "unnoteworthy" when due to displeasure with a lack of communication and a newfound ability to afford private counsel), *and Rimer v. State*, 131 Nev. 307, 327, 351 P.3d 697, 711-712 (2015) (denying motion to substitute counsel where "private counsel had a different strategy and asked for a 90-day continuance"), *with Young*, 120 Nev. at 969, 102 P.3d at 576-77 (holding that there was "strong evidence of an irreconcilable conflict" where defendant complained about counsel five times to the court, moved to substitute counsel twice, and counsel disobeyed a court order to visit the defendant weekly).[1]

---

[1]Notably, the same private counsel was substituted in after trial to handle Keller's sentencing. But after private counsel received three continuances, Keller moved to dismiss private counsel and the district court reappointed trial counsel.

*The adequacy of the inquiry*

The district court adequately inquired into the conflict between Keller and his appointed counsel. While the district court initially focused on efficiency and "trying to move cases" when ruling on Keller's motion, it was because private counsel did not say that the reason for attempting to substitute in was due to Keller's conflict with appointed counsel. Rather, private counsel focused on the reasons for waiting until the morning of the first day of trial to substitute as counsel. The court adequately considered those reasons, as well as appointed counsel's concerns and Keller's concerns as to appointed counsel's continued representation of Keller. *Cf. Young*, 120 Nev. at 970-71, 102 P.3d at 577 (error found where the district court "failed to inquire in any depth about [the defendant's] complaints" and "should have made a more thorough inquiry").

*The timeliness of the motion*

The third factor, the timeliness of the motion, balances "a defendant's constitutional right to counsel against the inconvenience and delay that would result from the substitution of counsel." *Young*, 120 Nev. at 969-70, 102 P.3d at 577. "It is within the trial judge's discretion to deny a motion to substitute [counsel] made during or on the eve of trial if the substitution would require a continuance." *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986); *Brinkley*, 101 Nev. at 679, 708 P.2d at 1028 ("Ordinarily, denial of such a motion for continuance, immediately prior to trial, is within the discretion of the trial court.").

Keller knew for more than five months that he had a March 6 trial date. *See Rimer*, 131 Nev. at 326-27, 351 P.3d at 711-12 (motion to substitute counsel on the eve of trial was untimely where defendant knew trial date for over three months). But Keller did not hire private counsel

until February, and then private counsel waited until the morning of March 6 to formally attempt to substitute into the case, and was not prepared to go to trial. Additionally, the State possessed a recorded phone call suggesting that Keller hoped to use private counsel "for dilatory tactics or bad-faith interference with the administration of justice." *Young*, 120 Nev. at 970, 102 P.3d at 577. Given that the motion to substitute counsel came on the eve of trial, and that granting the motion would require continuance to a seventh trial date, the district court had discretion to deny the motion. *See Rimer*, 131 Nev. at 326-37, 351 P.3d at 711; *see also Brinkley*, 101 Nev. at 679, 708 P.2d at 1028 (court was within its discretion to deny motion brought on hearing five days before trial).

*The district court did not abuse its discretion by denying Keller's motion to suppress evidence from Keller's condo*

After finding drugs in Keller's vehicle, the police sought and received a warrant to search Keller's condo. Keller argues that "the police violated the Fourth Amendment by assuming that because drugs were found in [his] car, more drugs or evidence of trafficking was to be located in the residence." "Suppression issues present mixed questions of law and fact." *Johnson v. State*, 118 Nev. 787, 794, 59 P.3d 450, 455 (2002), *overruled on other grounds by Nunnery v. State*, 127 Nev. 749, 772, 263 P.3d 235, 250-51 (2011). "This court reviews findings of fact for clear error, but the legal consequences of those facts involve questions of law that [the court reviews] de novo." *State v. Beckman*, 129 Nev. 481, 486, 305 P.3d 912, 916 (2013).

Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV; *see* Nev. Const. art. 1, § 18. "[P]robable cause is a fluid concept— turning on the assessment of probabilities in particular factual contexts—

not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates,* 462 U.S. 213, 232 (1983). It requires that there be "a fair probability, given the totality of the circumstances, that contraband or evidence . . . would be found at that location." *United States v. Lattner,* 385 F.3d 947, 953 (6th Cir.2004) (internal quotations omitted). A district court determines probable cause by considering the totality of the circumstances. *Gates,* 462 U.S. at 230-31. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238-39 (alteration in original) (quoting *Jones v. United States,* 362 U.S. 257, 271 (1960)).

The totality of the circumstances supports finding probable cause to search Keller's home. Inside Keller's car, officers found 344.29 grams of methamphetamine, 33.92 grams of heroin, .537 grams of cocaine, a mixture of the three controlled substances, and a gun. The quantity of methamphetamine and heroin exceed personal use levels, and the discovery of 1-inch by 1-inch baggies, a large amount of cash, as well as a gun, fairly indicated to the officers that Keller was trafficking in drugs. Further, when Officer Lopez initiated the traffic stop, Keller tried to exit the car parked in front of his condo, which in conjunction with Keller's evasive driving, Officer Lopez took as an attempt to escape.

Taken as a whole, these circumstances supported a finding of probable cause that Keller was a drug dealer and that more drugs and guns would be found inside his condo. *See* 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment,* § 3.7(d) (5th ed. 2012) (it is common to find probable cause "on the basis of the affiant-officer's experience (or, for that matter, the magistrate's own common-sense judgment) that drug dealers ordinarily keep their supply, records and

monetary profits at home") (footnotes omitted); *see also State v. Olson*, 575 N.W.2d 649, 657 (N.D. 1998) (noting that evidence found in the defendant's car "'would warrant a person of reasonable caution to believe there was probably more' drugs and drug paraphernalia in [the defendant's] residence") (quoting *State v. Johnson*, 531 N.W.2d 275, 279 (N.D. 1995)); *State v. Guthmiller*, 646 N.W.2d 724, 731 (N.D. 2002) (probable cause existed to search defendant's home when his car was seen leaving and returning to house and then a search of the car revealed meth). Thus, the district court did not abuse its discretion by denying Keller's motion to suppress evidence obtained from his condo through a search warrant.[2]

*The district court did not abuse its discretion by admitting a recorded phone conversation between Keller and an unidentified woman*

The district court allowed the State to play an audio recording of a phone conversation between Keller, from jail, and an unidentified woman. On the recording, the woman tells Keller that she fired gun shots during Keller's traffic stop to distract police from the stop. Keller argues

---

[2]Additionally, as the district court found, the officers relied in good faith on the search warrant for Keller's condo. The evidence does not suggest that the officers misled the judge who issued the warrant, nor does it support that the officers lacked "reasonable grounds for believing that the warrant was properly issued." *United States v. Leon*, 468 U.S. 897, 923 (1984); *State v. Allen*, 119 Nev. 166, 171-72, 69 P.3d 232, 235-36 (2003) (good faith exception did not apply when officer failed to attach affidavit to search warrant, which was unambiguously required by law). Thus, even if probable cause was lacking, the district court was not required to suppress the evidence from Keller's condo. *See Leon*, 468 U.S. at 920 (holding that evidence should not be suppressed "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope"); *Allen*, 119 Nev. at 172, 69 P.3d at 236 ("Under *Leon*, an officer's objectively reasonable reliance on an invalid warrant issued by a magistrate or judge will not act to suppress evidence seized under the warrant.").

that the district court abused its discretion by admitting the recorded call over his hearsay objection. We review the district court's decision for an abuse of discretion. *See Harkins v. State*, 122 Nev. 974, 980, 143 P.3d 706, 709 (2006).

Unless an exception applies, an out of court statement offered "to prove the truth of the matter asserted" is hearsay and inadmissible at trial. *See* NRS 51.035 (defining hearsay); NRS 51.065 (providing that hearsay is inadmissible). "However, the hearsay rule does not apply if the statement is not offered to prove the truth of the matter asserted." *Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990) (internal quotation marks omitted). A party's own statement offered against that party at trial is also not hearsay. NRS 51.035(3)(a).

The jail recordings contained two speakers: Keller and an unidentified woman. Keller's statements are not hearsay, because they are his own statements offered against him at trial. *See* NRS 51.035(3)(a). And the statements of the unidentified woman are also not hearsay, because the statements were not admitted to prove that the woman fired the gun shots, but rather to give context to Keller's reactions to such statements. *See Wade v. State*, 114 Nev. 914, 918, 966 P.2d 160, 162-63 (1998) (where an unidentified speaker's statements on a tape were not "to prove the truth of the matter asserted, but only for the limited purpose of providing context for [the defendant's] statements"), *opinion modified on denial of rehearing by Wade v. State*, 115 Nev. 290, 986 P.2d 438 (1999).

At trial, the State needed to prove Keller's mental state in relation to the drugs and guns found in his car and his condo. *See* NRS 453.336 (possession of a controlled substance); NRS 453.337 (possession of a controlled substance with intent to sell); NRS 453.3385 (trafficking in a

controlled substance); NRS 202.360 (prohibited ownership or possession of a firearm). Keller's reaction to the woman's statement that she fired five shots to distract the police is evidence of Keller's mental state: Keller's lack of surprise at the woman feeling she needed to distract the police from the traffic stop tends to show that Keller knew he was engaging in illegal conduct, such as possessing guns despite being a felon and keeping large quantities of drugs in a secret compartment in his vehicle. *See United States v. Valerio*, 441 F.3d 837, 844 (9th Cir. 2006) (where tape was admitted to give context to the defendant's admissions, because the defendant's statements "were highly relevant to providing the mental element of the crime"). Thus, because the recording did not contain inadmissible hearsay, the district court did not abuse its discretion by admitting the phone recording over Keller's hearsay objection.[3]

*There is no cumulative error*

Keller summarily argues that cumulative error requires reversal. But, Keller fails to establish any error on appeal, and the evidence presented at trial against him was overwhelming. *See Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985) (considering "whether the issue of innocence or guilt is close, the quantity and character of the error, and the

---

[3]Keller did not argue before the district court, or on appeal, that the danger of unfair prejudice substantially outweighed the evidence's probative value. *See* NRS 48.035.

gravity of the crime charged" in determining cumulative error). We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty


cc:    Hon. William D. Kephart, District Judge
       Kenneth G. Frizzell, III
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk