**William H. FLINT, Plaintiff-Appellant,**

**v.**

**Carl HOCKER, Warden, Nevada State Prison, Defendant-Appellee.**

**No. 71–1056.**

United States Court of Appeals, Ninth Circuit.

May 24, 1972.

Charles Chalmers (argued), of Petty, Andrews, Olsen, Tufts, Jackson & Sander, San Francisco, Cal., John J. McCune, Reno, Nev., Don M. Casto, III, Columbus, Ohio, for plaintiff-appellant.

Herbert F. Ahlswede, Deputy Atty. Gen. (argued), Robert List, Atty. Gen., Carson City, Nev., for defendant-appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.

HUFSTEDLER, Circuit Judge:

The issue on appeal is this: Do the Sixth and Fourteenth Amendments of the Federal Constitution require that an indigent criminal defendant be afforded the assistance of counsel at a Nevada probation revocation hearing? We hold that they do.

On June 1, 1962, Flint pleaded guilty to a first degree burglary charge for which he was sentenced by a state court in Nevada to a term of one to fifteen years. The court suspended the sentence on June 19, 1962, and placed Flint on two years' probation. On June 2, 1964, the state court held a probation revocation hearing. Flint had no counsel, and he was not advised of any right to the appointment of counsel. Probation was revoked, and he was sent to state prison to commence serving his one-to-fifteen-year sentence.

After Flint exhausted his state remedies, he sought habeas relief in the district court. The district court denied his petition, and this appeal followed.

Mempa v. Rhay (1967) 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 held that the State of Washington was required to furnish counsel to an indigent defendant at a probation revocation hearing at which the petitioner's sentence was imposed. Under Washington procedure, sentencing was deferred if probation was granted; if probation was revoked, sentence was imposed. The Court reasoned that probation revocation under these circumstances was a critical stage in a criminal proceeding for which the appointment of counsel was required.

Although Nevada's probation and sentencing procedure is not identical to that of Washington, Nevada's probation revocation procedure, like Washington's, is an integral part of the sentencing process.[1] The effect of revocation of probation in Nevada is to enhance pun-

---

* Honorable William J. Jameson, United States Senior Judge for the District of Montana, sitting by designation.

1. The relevant Nevada statutes are as follows:

N.R.S. § 176.185: "Whenever any person has been found guilty in a district court of the State of Nevada of a crime upon verdict or plea, the court, except in cases of murder of the first or second degree, kidnapping or forcible rape, may by

its order suspend the execution of the sentence imposed and grant such probation to the convicted person as the judge thereof deems advisable. . . . "

N.R.S. § 176.215: "If the probationer is arrested . . . [t]he court . . . shall cause the defendant to be brought before it, and may continue or revoke the probation or suspension of sentence, and may cause the sentence imposed to be executed."

ishment. When probation is granted, the original sentence is suspended on condition that the terms of probation are fulfilled. When probation is revoked, the sentence first begins to run, without any credit for the time served on probation. Flint's one-to-fifteen year sentence commenced upon revocation of his probation without allowing him any credit for the two years he had been on probation. The result of the Nevada revocation procedure is, therefore, to increase the period during which Flint would be in actual and constructive custody from a maximum of fifteen years to a maximum of almost seventeen years. Flint was not, therefore, serving a part of his sentence outside of the walls of prison. Under these circumstances, probation revocation is a critical stage of the criminal process, and Flint was entitled to the appointment of counsel.

Our decisions holding that counsel need not be appointed to represent indigents upon parole revocation proceedings are not controlling. (*E. g.,* Lincoln v. California Adult Authority (9th Cir. 1970) 435 F.2d 133; Eason v. Dickson (9th Cir. 1968) 390 F.2d 585, cert. denied, 392 U.S. 914, 88 S.Ct. 2076, 20 L. Ed.2d 1373.)[2] Parole revocation proceedings are not conducted by a court, and revocation of parole is not a part of a court's sentencing procedure. Unlike Nevada probation revocation, the parole revocation proceedings which have been considered by this court do not result in an increase of the maximum period of court ordered custody. (*See* Ex parte Casey (1911) 160 Cal. 357, 116 P. 1104; In re Forbes (1930) 108 Cal.App. 683, 292 P. 142; *see also* Opinion of the Nevada Attorney General No. 558, Jan. 27, 1969).

Flint also argues that he was denied equal protection because Nevada permits retained counsel to represent defendants in probation revocation cases while denying representation to defendants who cannot afford counsel. (Douglas v. California (1963) 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Griffin v. Illinois (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, rehearing denied, 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480.) Because we have accepted his due process contention, it is unnecessary to reach Flint's equal protection claim, and we do not do so.

The order is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

---

2. Other circuits have recently questioned this court's rulings regarding representation by counsel at parole revocation proceedings. *See* Bearden v. State of South Carolina (4th Cir. en banc 1971) 443 F.2d 1090, cert. granted sub nom. Midgett v. Slayton (1972) 405 U.S. 916, 92 S.Ct. 965, 30 L.Ed.2d 785, dismissed (1972), 405 U.S. 972, 92 S.Ct. 1199, 31

L.Ed.2d 256; United States ex rel. Bey v. Connecticut State Bd. of Parole (2d Cir. 1971) 443 F.2d 1079, vacated as moot, 404 U.S. 879, 92 S.Ct. 196, 30 L.Ed.2d 159. Basic questions of due process at parole revocation are currently pending before the Supreme Court. Morrissey v. Brewer, cert. granted, 404 U.S. 999, 92 S.Ct. 568, 30 L.Ed.2d 552.