## WILLIAM WALLACE FAIRCHILD, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

### No. 7041

November 20, 1973                    516 P.2d 106

*Gary A. Sheerin,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Batjer, J.:

In 1966 appellant plead guilty to a charge of felony drunk driving and was sentenced to a term of one to ten years in the state prison. The trial court suspended the sentence and granted probation for a period of five years.

In 1968 appellant was charged with violating the conditions of his probation. At the revocation hearing he claimed indigency and requested the appointment of counsel which was refused; however, the district court did instruct a member of the public defender's staff to be present during the proceedings. As the hearing progressed appellant admitted the charges and offered no evidence of mitigating circumstances. The trial court entered an order revoking probation and remanded appellant to the state prison to serve the sentence originally

imposed. Subsequently, appellant sought his release from confinement through post-conviction proceedings (NRS 177.315 et seq.) contending that his constitutional rights were infringed because he was not afforded the assistance of counsel at the revocation hearing. The trial court rejected the contention and this appeal followed.

In Shum v. Fogliani, 82 Nev. 156, 413 P.2d 495 (1966), we held that an indigent person on probation is not entitled to appointed counsel at a revocation hearing if sentence had already been imposed for his underlying felony conviction, and the execution thereof had been suspended. The rationale of *Shum* was that revocation proceedings were not a "critical stage" of the criminal process. We continued to adhere to the *Shum* rule until our decision in Rahn v. Warden, 88 Nev. 429, 498 P.2d 1344 (1972), where we elected to adopt the rule announced in Flint v. Hocker, 462 F.2d 590 (9th Cir. 1972), and remanded the matter to the district court for a new revocation hearing and the appointment of counsel to represent Russell C. Rahn.

In *Flint, supra,* it was concluded that because revocation of probation in Nevada had the effect of enhancing punishment, it was a "critical stage" of the criminal process, and the appointment of counsel was mandatory.

In Gagnon v. Scarpelli, 411 U.S. 778 (1973), decided after *Flint* and *Rahn,* the United States Supreme Court held that counsel should be provided if, "the probationer . . . makes such a request [for appointment of counsel], based on a timely and colorablè claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and made revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present." [Ultimately], "the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation . . . system." 411 U.S. at 790.

Appellant argues that our ruling in Rahn v. Warden, *supra,* compels us to reverse. We do not agree.

The standards for the appointment of counsel at a probation revocation hearing as announced in *Gagnon* limit the necessity for such appointment. We will adhere to those standards in applying the rule of Rahn v. Warden, *supra.*

In the instant case appellant candidly admits the violation

of his probation and has neither claimed nor suggested any mitigating circumstances. The appointment of counsel was not required; his petition for post-conviction relief was properly denied by the lower court.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN-OFF, JJ., concur.