MARTIN J. NAVES, Appellant, v. STATE
OF NEVADA, Respondent.

No. 7384

February 26, 1975                    531 P.2d 1360

*Virgil D. Dutt* and *Don V. Purke,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,*
District Attorney, and *Kathleen M. Wall,* Deputy District Attor-
ney, of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

On August 23, 1971, appellant was found to be a delinquent
child within NRS 62.040, and ordered committed to the care
of the Nevada Youth Training Center. Execution of the order
was immediately suspended and he was placed on probation.

Almost two years later, after a hearing in juvenile court,
appellant was determined to be in violation of probation and

ordered to the youth center. At the probation revocation hearing, appellant was not represented by counsel, and neither he nor his parents were advised that they could retain counsel or have counsel appointed.

Subsequently, appellant petitioned the district court for a writ of habeas corpus alleging that the juvenile court's failure to advise him of his right to counsel amounted to a denial of due process. This petition was denied.

Appellant now contends that he had an absolute right to counsel at the probation revocation hearing, because it was a critical stage of the proceedings. In support of this contention he cites Powell v. Sheriff, 85 Nev. 684, 462 P.2d 756 (1969) and In re Gault, 387 U.S. 1 (1967). Neither of those cases is concerned with a probation revocation proceeding, and neither provides direct support for appellant's argument.

*Gault* extends to juveniles the right to counsel in delinquency proceedings which may result in commitment to an institution in which the juveniles' freedom is curtailed. In that case the High Court noted that such proceedings were comparable in seriousness to adult felony prosecutions. Id. at 1448.

We must now consider whether the right to counsel was required to be extended to appellant at his probation revocation hearing. Although adults enjoy no absolute right to counsel at probation revocation hearings, they may retain counsel or the court may appoint counsel under certain circumstances. In Gagnon v. Scarpelli, 411 U.S. 778 (1973), the High Court determined that the need for counsel for an indigent probationer should be made on a case-by-case basis, and held that an appointment should be made in cases where the probationer makes a colorable claim that probation has not been violated or, even if there was a violation, claims such substantial mitigating circumstances as to render revocation inappropriate.[1] In Fairchild v. Warden, 89 Nev. 524, 516 P.2d 106 (1973), we concluded that the appointment of counsel was not required. Fairchild, an indigent probationer, had admitted violation of his probation and neither claimed nor suggested any mitigating circumstances.

Here, appellant (who made no claim of indigency or request for counsel) has admitted petty theft which was one of the allegations of probation violation, and has suggested no circumstances in mitigation. Although appellant did contest the allegation that he moved without notifying his probation officer,

---

[1]Gagnon v. Scarpelli, supra, expressly reserved any decision on the right to retained counsel for non-indigents.

and suggested reasons for such conduct, the theft alone justifies revocation. Had the appellant been an adult indigent and the *Gagnon* test been applied, he would not have been entitled to the appointment of counsel. As a juvenile he is entitled to no greater rights at a probation revocation hearing than those afforded an adult.

The petition for writ of habeas corpus was properly denied by the lower court.

Affirmed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.