**M. J. COLLINS, Petitioner-Appellant,**

v.

**R. V. TURNER, etc., et al.,
Respondents-Appellees.**

No. 79–1045
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 26, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Mark A. Pizzo, Asst. Federal Public Defender, Tampa, Fla., for petitioner-appellant.

Eula Tuttle Mason, Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

M. J. Collins appeals the order of the district court denying his petition for a writ of habeas corpus. Petitioner contends that his current incarceration in a Florida state prison is unconstitutional, because the state denied him due process by failing to conduct a preliminary probation revocation hearing. We reject that assertion and affirm.

On August 6, 1973, petitioner pled guilty to the charge of assault with intent to commit a felony and was placed on 17 years' probation. Subsequently, his probation supervisor filed an affidavit alleging that Collins had violated the terms and conditions of his probation. Based on that affidavit, a Florida circuit judge issued a warrant to arrest petitioner. Collins was arrested on July 8, 1974 and on August 2, the same Florida judge conducted a full evidentiary hearing, at which counsel represented petitioner. Following the hearing, the judge revoked probation and sentenced petitioner to 15 years in prison. After exhausting his state court remedies, Collins filed in the district court a petition for a writ of habeas corpus, alleging, among other things,[1] that Florida's failure to hold a preliminary probation revocation hearing, as required under *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), had denied him due process. The district court rejected that contention, held that "[t]he warrant procedure employed by the state of Florida provides sufficient due process safeguards" and denied the petition.

Although Florida failed to conduct a preliminary revocation hearing, the state did afford Collins a full evidentiary hearing, with counsel present, before the revocation of his probation became final. Petitioner does not challenge the constitutional validity of this final revocation hearing. Thus, Collins' "present incarceration stems from a decision . . . made after a hearing that was adequate in all respects; the denial of appellant's preliminary hearing right no longer has any relation to his incarceration. . . . To order appellant's release from custody at this time would be to grant an extreme remedy for a deprivation from which appellant is no longer suffering." *United States v. Companion,* 2 Cir., 1976, 545 F.2d 308, 313. Accordingly, we affirm the order of the district court denying appellant's habeas corpus petition.

AFFIRMED.

---

1. Collins did not urge on appeal the other assertions made in the district court.