LEONARD HORNBACK, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 12752

March 19, 1981                                        625 P.2d 83

---

*Norman Y. Herring,* State Public Defender; *Powell & Ray, Ltd.,* Special Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, *Thomas P. Wright,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

While on parole, appellant was arrested in South Tucson, Arizona for possession of a weapon. After the arrest, appellant was transported to Las Vegas, Nevada. Appellant waived his right to a preliminary inquiry and proceeded to a revocation hearing before the parole board. Appellant was charged with a substantive violation of his parole agreement.

At the hearing, appellant's parole officer testified that he spoke by telephone with the Arizona arresting officer, who verified the contents of the Arizona arrest report. The arrest report was admitted into evidence. Appellant objected to its admission and its contents. The arresting officer did not testify and the parole officer admitted that no effort had been made to procure his attendance.

A Las Vegas detective also testified that the serial number on the gun which was allegedly found upon the appellant during the Arizona arrest matched the serial number upon a gun which

was missing from an unsolved burglary in Las Vegas. After the gun was transported to Nevada, authorities in Nevada instituted criminal charges against appellant while the Arizona authorities dismissed their charges.

Appellant testified at the hearing that he was not in possession of the gun in Tucson at the time of the arrest. He testified that he had been framed by an Arizona police officer.

Over appellant's objection that he had been denied his due process right to confront and question witnesses giving information against him, *see* Anaya v. State, 96 Nev. 119, 606 P.2d 156 (1980), the parole board revoked his parole. In addition, the parole board removed three hundred and sixty-five days of previously earned statutory good time from appellant's records.

Appellant filed an original writ of habeas corpus with this court. We transferred that writ to the district court. *See* NRAP 22. After hearing arguments and considering the briefs filed by counsel, the district court denied the petition. The district court reasoned that there is a distinction between parole revocation and probation revocation, and as a result "parole revocation enjoys somewhat less stringent evidentiary requirements than does a probation revocation." With this distinction, the district court denied the petition for a writ of habeas corpus and this appeal followed.

In *Anaya,* a probation revocation case, we followed the standards announced in Morrissey v. Brewer, 408 U.S. 471 (1972), Gagnon v. Scarpelli, 411 U.S. 778 (1973) and NRS 176.217(2). Morrissey v. Brewer, *supra,* involved parole revocation; Gagnon v. Scarpelli, *supra,* involved probation revocation. In *Gagnon,* the U.S. Supreme Court held that there is no distinction relevant to the guarantee of due process between the revocation of parole and the revocation of probation. *Id.,* at 782. Accordingly, we hold that the due process standards of Anaya v. State, *supra,* also apply to the revocation of parole.

In the case at bar, appellant challenged the accuracy of the facts contained within the Arizona arrest report. Respondent has conceded that no effort was made to procure the attendance of the arresting officer at the hearing upon the revocation. Although the arrest report was admitted into evidence and appellant's parole officer testified that he spoke with the arresting officer, "[n]either the [parole board], the [parolee, the district court in a habeas proceeding], nor this Court on review could have any means of testing the accuracy or reliability of

the facts recited in the report itself or the [parole] officer's rec-ollection of them.'' Anaya v. State, *supra* at 125, 606 P.2d at 159. Under these circumstances, we conclude that the parolee's right to confront and question his accusers was violated.

Accordingly, we reverse the decision of the district court and remand the matter to the district court for issuance forthwith of the writ of habeas corpus.