CLYDE R. ELLISON, APPELLANT, *v.* BRYN ARMSTRONG, CHAIRMAN, NEVADA PAROLE COMMISSIONERS, RESPONDENT.

No. 13381

September 30, 1982                        651 P.2d 99

*J. Gregory Damm,* State Public Defender, *Michael K. Powell,* and *John C. Lambrose,* Special Deputy Public Defenders, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, and *Thomas P. Wright,* Deputy Attorney General, Carson City, for Respondent.

---

## OPINION

*Per Curiam:*

Appellant was convicted of attempted burglary and possession of burglary tools. While on parole, appellant was arrested in Texas for burglary and unlawful possession of a weapon. He subsequently pled guilty to the weapons offense. Parole revocation proceedings were initiated in Nevada. It is undisputed that prior to the revocation hearing appellant requested appointment of counsel. However, an attorney was not appointed. At the formal parole revocation hearing, an inmate substitute counsel appeared on appellant's behalf. Appellant's parole was thereafter revoked.

Appellant filed a petition for a writ of habeas corpus in the First Judicial District Court. His primary argument was that he was denied due process because counsel was not appointed. The petition was denied and this appeal followed.

The principal question presented for review is whether appellant was denied due process because he was not afforded an attorney at his formal parole revocation hearing. Fairchild v. Warden, 89 Nev. 524, 516 P.2d 106 (1973) sets forth the applicable principles for determining whether counsel should be appointed.[1] We noted in that opinion as follows:

> In Gagnon v. Scarpelli, 411 U.S. 778 (1973) . . . the United States Supreme Court held that counsel should be provided if, 'the probationer . . . makes such a request [for appointment of counsel], based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and made revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present.'

*Id*. at 525, 516 P.2d at 107.

The position taken by appellant at the formal parole revocation hearing was that he did not knowingly have the weapon in his possession. Through his inmate counsel substitute, however, appellant admitted pleading guilty to that offense in Texas. Additionally, a certified copy of his judgment of conviction was included in the evidence presented to the parole board. Appellant thus failed to present a colorable claim that he did not commit the crime and suffer the conviction which served as

---

[1]Although *Fairchild* involved probation revocation, there is no distinction, for due process purposes, between probation revocation and parole revocation. Hornback v. Warden, 97 Nev. 98, 625 P.2d 83 (1981).

the basis for the revocation proceedings. Furthermore, a review of the record indicates that the arguments and contentions made on behalf of appellant at the formal revocation hearing were neither complex nor difficult to develop. Therefore, pursuant to the principles set forth in *Fairchild*, appellant was not entitled to the appointment of counsel under the circumstances of this case, and the failure to provide appellant with an attorney did not constitute a violation of his right to due process.

The other contentions raised on appeal have been considered and are without merit or were not raised below.

The judgment of the district court is affirmed.