983 F.2d 299
 299 U.S.App.D.C. 274
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Jeffrey M. YOUNG-BEY, Appellant.
 Nos. 92-3199, 92-3200.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 19, 1993.
 
 Before SILBERMAN, BUCKLEY and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed July 10, 1992, revoking appellant's supervised release be affirmed. Appellant claims he was denied a preliminary hearing in compliance with Fed.R.Crim.P. 32.1 in that the Magistrate Judge failed to determine whether there was probable cause to hold him for the revocation hearing. Even assuming that the preliminary hearing did not comply with the requirements of Fed.R.Crim.P. 32.1, this deficiency does not affect the validity of appellant's present incarceration. See Collins v. Turner, 599 F.2d 657, 658 (5th Cir.1979) (the denial of appellant's preliminary hearing right does not have any relation to his incarceration which was made after a probation revocation hearing that was adequate in all respects); United States v. Companion, 545 F.2d 308, 313 (2d Cir.1976) (same). Moreover, the purpose of the preliminary hearing is to ensure that there is justification for holding the defendant pending a revocation hearing. Because the revocation hearing was held just two days after appellant's arrest, the necessity for the preliminary hearing was significantly diminished.
 
 
 3
 Appellant also maintains that he did not receive notice of the alleged violations of his conditions of supervised release. The district court indicated at the revocation hearing, however, that both counsel had received the probation officer's memorandum, and appellant's counsel did not suggest otherwise. Moreover, appellant's attorney advised the court at the outset of the hearing that he was prepared to proceed with the evidence, never mentioning that he had not received notice of the alleged violations. Additionally, appellant's counsel called appellant's uncle to testify about the alleged "change of address violation." Thus, appellant was adequately informed of the alleged violations.
 
 
 4
 Finally, appellant argues that the district court failed to provide a written statement of its findings and conclusions. Because the transcription of the revocation hearing fully informs this court of the reasons for the revocation, the oral findings serve as a written statement for purposes of due process. Cf. United States v. Peralta, 849 F.2d 625, 626 (D.C.Cir.1988) (transcription of a pretrial detention hearing, which evinces a clear and legally sufficient basis for the court's determinations, will satisfy the requirements of the Bail Reform Act); United States v. Barth, 899 F.2d 199, 201 (2d Cir.1990) (transcribed oral findings satisfy "written statement" requirement in probation revocation context), cert. denied, 111 S.Ct. 953 (1991).
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.