An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHADE W. HALL,
Appellant,
vs.
ROBERT LEGRAND, WARDEN; THE
STATE OF NEVADA BOARD OF
PAROLE; AND THE STATE OF
NEVADA,
Respondents.

No. 61053

FILED

MAY 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from an order of the district court denying a petition for a writ of habeas corpus.[1] Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

In his habeas petition filed on July 21, 2011, appellant challenged the revocation of his parole and claimed that his due process rights were violated at the revocation hearing. Specifically, appellant claimed that the parole board relied on false and unverified information in finding that he had inappropriate contact with persons under the age of 18 in a secluded environment, and that the parole board did not offer him an opportunity to explain that he was unable to pay his parole supervision fees due to unemployment.

We conclude that the district court erred in finding that appellant's claims were not cognizable in a habeas petition. A challenge to

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden,* 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14223

the revocation of parole may be raised in a petition for a writ of habeas corpus under NRS 34.360. *See* NRS 34.500; *Hornback v. Warden*, 97 Nev. 98, 100, 625 P.2d 83, 84 (1981). A parole revocation proceeding involves the loss of liberty and thus necessitates certain procedural due process protections for the parolee. *Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 157-58 (1980). Due process for parole revocation hearings requires, at a minimum, that "the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972); *see also Anaya*, 96 Nev. at 122, 606 P.2d at 157-58 (citing *Morrissey* and setting out the minimum procedures necessary to revoke parole); NRS 213.1513; NRS 213.1517.

Because the district court did not consider whether appellant was afforded the due process protections delineated in *Morrissey*, we reverse and remand for the district court to resolve the allegations set forth in appellant's habeas petition. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                               Saitta

---

[2]Given our resolution of this appeal, we deny the proper person motions received on June 28, 2012, and February 21, 2013, as moot.

cc:   Hon. Richard Wagner, District Judge
Shade W. Hall
Attorney General/Carson City
Pershing County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A