An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TYGE COBY WELLMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62056

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order for revocation of probation and amended judgment of conviction. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

First, appellant Tyge Coby Wellman contends that insufficient evidence supports the district court's decision to revoke his probation because it was only established that he was arrested for two minor offenses. We disagree. At the revocation proceeding, the district court heard evidence that Wellman violated the conditions of his probation by having unauthorized employment, patronizing a venue of adult entertainment, and being terminated from counseling. *See* NRS 176A.410(1). We conclude that sufficient evidence was presented to "reasonably satisfy" the district court that Wellman's conduct was not "as good as required by the conditions of probation." *See Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974); *see also Stephans v. State*, 127 Nev. ___, ___, 262 P.3d 727, 734 (2011) (considering all evidence, even if erroneously admitted, when evaluating a sufficiency-of-the-evidence challenge).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21438

Second, Wellman contends that he was denied his right to confrontation and due process[1] during his probation revocation proceeding because the only testimony regarding his violations was the hearsay and double hearsay testimony of his probation officer. "[A] probationer has a due process right to confront and question witnesses giving adverse information at the formal revocation hearing." *Anaya v. State*, 96 Nev. 119, 123, 606 P.2d 156, 158 (1980). Although we review a district court's admission of hearsay for an abuse of discretion, we review de novo whether a defendant's right to confrontation was violated. *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009).

In order to establish that Wellman violated the conditions of his probation which prohibited unauthorized employment and patronage of adult entertainment venues, the State presented the testimony of Wellman's probation officer, Officer Davis, who had no independent knowledge of the violations. The State commented that it had subpoenaed the arresting officer, Officer Haynes, but he was not present. Instead, Davis testified that Haynes told him he saw Wellman working as a strip club promoter and verified Wellman worked there by speaking with the club's manager. The district court overruled Wellman's objection to this testimony and request to confront Haynes or the manager. Because Davis' testimony was used to establish a substantive violation, was based on multiple hearsay, and Wellman's request to test the accuracy of the

---

[1]To the extent Wellman contends that his right to due process was violated because the district court did not allow him to sit next to counsel, he fails to support his claim with any relevant authority or cogent argument and therefore we decline to consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

underlying facts upon which his testimony was based was disregarded, we conclude that his right to confrontation was violated. *See Anaya*, 96 Nev. at 125, 606 P.2d at 159-60; *Hornback v. Warden*, 97 Nev. 98, 101, 625 P.2d 83, 84 (1981). However, we conclude that the denial of Wellman's right to confrontation was harmless because evidence was presented that he violated several other conditions of his probation, and Davis testified that Wellman admitted to working as a promoter for the strip club. *See Franco v. State*, 109 Nev. 1229, 1237, 866 P.2d 247, 252 (1993) (confrontation errors are subject to harmless-error analysis); *Chapman v. California*, 386 U.S. 18, 24 (1967) (a constitutional error must be considered to be harmless beyond a reasonable doubt).

Third, Wellman contends he was denied his right to a preliminary inquiry and his right to have counsel present at the same. Although we recognize that *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973), and NRS 176A.580 require that a preliminary inquiry be held in order to establish probable cause that a probationer violated the terms of his probation, the failure to hold a preliminary inquiry here was harmless because the final revocation proceeding complied with constitutional and statutory requirements–Wellman was represented by counsel, had notice of the proceedings and the nature of the alleged violations, and had the opportunity to present evidence, *see* NRS 176A.600. Wellman did not object below to the district court's failure to conduct a preliminary inquiry, nor does he assert that he was prejudiced or that the final revocation proceeding was constitutionally deficient other than as stated above. We conclude that he is not entitled to relief on this claim. *See generally Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979) (denying relief for

failure to conduct preliminary probation revocation hearing when final revocation hearing complied with constitutional requirements).

Having considered Wellman's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Elissa F. Cadish, District Judge
     William B. Terry, Chartered
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk