# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: K. H., A MINOR,

No. 66352

K. H.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

**FILED**

JUN 16 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a juvenile court order affirming the findings and recommendation of a hearing master in a juvenile proceeding. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

Appellant K.H. argues that his probation violation was a new delinquent act that had to be proven beyond a reasonable doubt and that the evidence submitted by the State was insufficient. We disagree.

K.H. claims that his probation violation qualifies as a delinquent act pursuant to NRS 62B.330(2)(b) because he violated a "rule or regulation having the force of law" when he violated the conditions of his probation.[1] Under the plain meaning of NRS 62B.330(2)(b), however, "rule or regulation" refers to standards and orders that apply uniformly and not to conditions specifically imposed on an individual, such as a

---

[1]NRS 62B.330(2) provides for two other delinquent acts, the violation of "a county or municipal ordinance" and the commission of "an act designated a criminal offense," NRS 62B.330(2)(a), (c), neither of which is at issue here. Additionally, NRS 62B.400(4) provides that the escape or attempted escape from a facility for the detention or correctional care of children is a delinquent act, also not at issue here.

16-18917

probationer. *See Clay v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 48, 305 P.3d 898, 902 (2013) ("When interpreting a statutory provision, this court looks first to the plain language of the statute."); *see also Regulation, Rule, Black's Law Dictionary* (8th ed. 2004) (defining a regulation as "[t]he act or process of controlling by rule or restriction," or "[a] rule or order, having legal force, usu[ally] issued by an administrative agency," and defining a rule as "[g]enerally, an established and authoritative standard or principal; a general norm mandating or guiding conduct or action in a given type of situation"). Accordingly, K.H.'s probation violation was not a delinquent act pursuant to NRS 62B.330(2)(b).[2] *See Jackson v. State*, 128 Nev. 598, 603, 291 P.3d 1274, 1277 (2012) (providing that this court reviews de novo questions of statutory construction).

As K.H.'s probation violation was not a delinquent act, the applicable burden of proof was that the court be reasonably satisfied that K.H.'s conduct was not as good as required by the conditions of his probation. *See Naves v. State*, 91 Nev. 106, 108, 531 P.2d 1360, 1362 (1975) (holding that a juvenile is not entitled to any greater rights than those afforded to adults at a probation violation hearing); *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974) (discussing the standard at an adult probation violation hearing as "[t]he evidence and facts must reasonably satisfy the judge that the conduct of the probationer has not

[2]While K.H. argues that violations of probation are treated as delinquent acts, NRS 62B.330(2) and NRS 62B.400(4) outline distinct acts that are to be considered delinquent acts, and K.H.'s probation violation is not one of those acts. Additionally, we have considered K.H.'s argument regarding NRS 62E.710(1) and conclude that no relief is warranted.

Supreme Court
of
Nevada

(O) 1947A

2

been as good as required by the conditions of probation"). Here, the juvenile court found that K.H.'s active social networking account and his admissions that he accessed social networking websites via his mother's and his cousin's phones were sufficient to prove to the satisfaction of the court that K.H. violated his probation.[3] We conclude the juvenile court did not abuse its discretion by sustaining the hearing master's findings and recommendation. *See In re A.B.*, 128 Nev. 764, 772, 291 P.3d 122, 127-28 (2012) (reviewing for an abuse of discretion the juvenile court's decision on objection from a dependency master's findings and recommendation).[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

---

[3]As to K.H.'s argument regarding corpus delicti and the use of his confession, the corpus delicti rule does not apply to revocation proceedings, where the burden of proof is lower than in a criminal prosecution. *See United States v. Hilger*, 728 F.3d 947, 949-51 (9th Cir. 2013) (outlining that state courts have consistently held the corpus delicti rule does not apply at revocation proceedings).

[4]To the extent K.H. claims the State failed to produce probation terms signed by him to the hearing master, he fails to present relevant authority or cogent argument for this requirement at a probation violation hearing. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1978) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

cc: Hon. William O. Voy, District Judge, Family Court Division
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk