# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2023

Lyle W. Cayce
Clerk

No. 22-30211

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles Joseph Greer,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-235-TAD-KDM-1

Before Richman, *Chief Judge*, and King and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Charles Joseph Greer was convicted in 2015 of possessing child pornography and sentenced to an 86-month term of imprisonment and six years of supervised release. In 2019, Greer violated conditions of his supervised release, and the district court sentenced him to fifteen more months of imprisonment to be followed by five years of supervised release. *See United States v. Greer*, 812 F. App'x 272 (5th Cir. 2020) (per curiam) (unpublished). After starting his second term of supervised release, Greer again violated its conditions. The district court revoked Greer's supervised

release and sentenced him to eighteen more months of imprisonment. Greer timely appealed, arguing that his constitutional rights were violated at his preliminary revocation hearing, that the district court erred in detaining him pending the final revocation hearing, and that the district court imposed an unreasonable sentence upon revocation. For the reasons stated below, Greer's challenges to his preliminary revocation hearing and pre-revocation detention are moot. However, we VACATE Greer's sentence and REMAND for resentencing.

## I.

Article III of the Constitution limits our jurisdiction to "Cases" and "Controversies." A case is moot and no longer justiciable under Article III "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). This is only true "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *see United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc).

Applying these principles, Greer's challenges to his preliminary revocation hearing and pre-revocation detention are moot. When "a person is in custody for violating a condition of . . . supervised release," the Federal Rules of Criminal Procedure require that a judge "promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1(b)(1)(A). If the judge finds probable cause at the preliminary hearing, then the judge must conduct a final revocation hearing. *Id.* 32.1(b)(1)(C). If not, "the judge must dismiss the proceeding." *Id.* Because the preliminary hearing merely determines whether a final hearing will be held, the disposition of the final hearing generally renders challenges to the preliminary hearing moot, *see United*

No. 22-30211

*States v. McFarland*, 726 F. App'x 709, 712-13 (10th Cir. 2018); *Antonelli v. U.S. Parole Comm'n*, 12 F.3d 1100 (7th Cir. 1993) (unpublished), except where a defendant alleges that an error in the preliminary hearing affected the disposition of the final hearing or subsequent sentencing in some way.

Greer alleges that the magistrate judge violated his constitutional rights at the preliminary hearing, but he was found to have violated the conditions of his supervised release at a final hearing and does not allege that there were any errors at the final hearing. Although Greer insists that he "continues to suffer from the legal errors made at the preliminary hearing" and that those errors have caused "his continued unjustified detention," he does not explain why this is so. He does not say how the alleged errors at the preliminary hearing might have infected the final hearing. Nor does he cite any authority to support his proposition that we could vacate the district court's judgment and remand for resentencing based on an error at the preliminary hearing.[1] Indeed, vacatur of a sentence imposed after a final hearing is not an available remedy for errors made during a preliminary hearing when the alleged constitutional violation has no relation to the defendant's subsequent imprisonment.[2] *See Collins v. Turner*, 599 F.2d 657,

---

[1] Greer relies on a line of cases holding that deportation does not moot a challenge to a term of supervised release imposed as part of the underlying sentence. *Heredia-Holguin*, 823 F.3d at 342-43, 343 n.5; *see United States v. Vega*, 960 F.3d 669, 673 (5th Cir. 2020) (holding that a defendant's challenge to a term of incarceration is not mooted where the defendant is released from custody and deported and only remains subject to a term of supervised release); *United States v. Solano-Rosales*, 781 F.3d 345, 355 (6th Cir. 2015) (similar). These cases do not speak to the remedies that are available on a challenge to a preliminary revocation hearing after a final hearing and sentencing.

[2] For similar reasons, Greer's challenge to his pre-revocation detention is moot. On the magistrate judge's order, Greer was detained from March 2, 2022—the date of the preliminary hearing—until the final hearing on April 13, 2022. But once the district court entered judgment sentencing Greer to a term of imprisonment, Greer was no longer detained pursuant to the magistrate judge's detention order—his current detention is the result of the district court's judgment. We cannot grant Greer relief from a detention order

No. 22-30211

658 (5th Cir. 1979) (per curiam); *United States v. Companion*, 545 U.S. 308, 313 (2d Cir. 1976).

Accordingly, we lack jurisdiction over these challenges.

## II.

The district court committed a reversible procedural error by sentencing Greer to two consecutive nine-month terms of imprisonment for violating two conditions of his supervised release.

At the final hearing, the district court found that Greer violated two conditions of his supervised release by failing "to abide by the rules and conditions of the half-way house" and failing "to maintain a residency at a half-way house." The district court calculated the Guidelines Range sentence as "four to nine months," stated that "the maximum statutory punishment is nine months," and sentenced Greer to "nine months on each [violation]" to run consecutively "for a total of [eighteen] months, nine months on the first [violation], nine months on the second." In imposing this sentence, the district court explained that it gave Greer a fifteen-month sentence the first time Greer violated the conditions of his supervised release, "and that didn't seem to do any good." The district judge also said, "[it] looks like really the most I can give him is nine months on each one, and that's what I'm going to do."

Greer objected that "he should not have been sentenced to more than nine months."

---

that is no longer in effect. *See United States v. Ruiz-Garcia*, 832 F. App'x 313, 314 (5th Cir. 2020) (per curiam) (unpublished) (finding moot appeal of pretrial detention order after guilty plea).

No. 22-30211

The statute governing revocation of supervised release provides that the district court may, upon finding "that the defendant violated a condition of supervised release," "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). Under this provision, the district court does not impose a term of imprisonment for a violation of a condition of supervised release, but rather, imposes a term of imprisonment for *the revocation* of the term of supervised release. *See United States v. Mizwa*, 762 F. App'x 100, 104 (3d Cir. 2019) ("While [the defendant] violated four conditions of his supervised release, his original conviction derived from one count. Therefore, there is only one term of supervised release to revoke and he should only receive a single sentence for the violation.").

Because § 3583(e)(3) limits the district court to imposing one term of imprisonment upon revoking one term of supervised release, the Guidelines policy statement explains how district courts should calculate the advisory term of imprisonment if the revocation is based on multiple violations of conditions of supervised release. Where this is the case, "the grade of the violation" for purposes of calculating the term of imprisonment "is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b); *see id.* § 7B1.4 (listing recommended ranges of imprisonment based on violation grade and criminal history category); *United States v. Turner*, 21 F.4th 862, 865 (D.C. Cir. 2022) (summarizing this procedure). In other words, if a term of supervised release is revoked because of multiple violations of supervision conditions, the district court may consider the "nature and circumstances" of those multiple violations, 18 U.S.C. § 3553(a)(1); *see, e.g.*, *United States v. Smith*, 823 F. App'x 903, 904 (11th Cir. 2020) (per curiam) (unpublished), but should calculate the length of a single term of imprisonment based on the most serious violation.

5

No. 22-30211

Accordingly, a district court cannot impose *multiple* terms of imprisonment, concurrent or consecutive, upon revoking a single term of supervised release.

We note that the district court tried to impose a Guidelines range sentence. It calculated the range as four to nine months for each violation of a supervision condition because it thought the statutory maximum for each violation was nine months. Then, the district court adopted what it believed to be the statutory maximum on each violation, which resulted in two consecutive nine-month terms, or eighteen months in total. But as the government acknowledges, the *total* advisory range for a term of imprisonment upon revocation of Greer's supervised release was three to nine months. *See* 18 U.S.C. §§ 2252A(a)(5)(B) (offense of conviction), 2252A(b)(2) (maximum punishment), 3559(a)(3) (describing maximum punishment for Class C felony); U.S.S.G. §§ 7B1.1(a)(3) (Grade C supervised release violation), 7B1.4(a) (applicable range of imprisonment).

Because it is impossible to say how the district court would have sentenced Greer if it had known that the Guidelines range was nine months *total*, and that the total statutory maximum sentence was twenty-four months, not nine months per violation, *see* 18 U.S.C. § 3583(e)(3), we cannot resolve whether the district court's error affected Greer's prison sentence. The district court may have varied or departed upwards and imposed the same eighteen-month sentence or a longer one, up to the twenty-four-month statutory maximum. Or, as evinced by the district court's desire to follow the Guidelines, the district court may have imposed a more modest upwards variance or departure than eighteen months. Given these unique

No. 22-30211

circumstances, the district court's misunderstanding of its authority to sentence Greer was not harmless.[3]

The judgment of the district court is VACATED and the case is REMANDED to the district court for resentencing in accordance with this opinion.[4]  Greer's motion for release pending disposition of this appeal, is DENIED as moot.

---

[3] Even under plain-error review, this error "seriously affects the fairness, integrity, [and] public reputation of [the] judicial proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (cleaned up).  In sentencing Greer, the district court departed from the relevant statutory framework and the Sentencing Guidelines.  As a result, the district court gave Greer two terms of imprisonment where Congress authorized one.  We will exercise our discretion to correct this error.

[4] Moreover, as the government acknowledges on appeal but failed to point out during the sentencing, the district court also (i) incorrectly identified the most serious grade of Greer's violations, (ii) incorrectly calculated the applicable Guidelines range, (iii) incorrectly identified the applicable statutory maximum, and (iv) incorrectly asserted that under § 7B1.4, the minimum term of imprisonment was at least one month but not more than six months.  On remand, the district court should follow applicable law in sentencing Greer.