# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10112
CONSOLIDATED WITH
No. 23-10114
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LANI LUCAS LIMANE,

*Defendant—Appellant*,

CONSOLIDATED WITH

---

Nos. 23-10115, 23-10117

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUKASZ CHAD LIMANE,

*Defendant—Appellant*.

No. 23-10112
c/w Nos. 23-10114, 23-10115, 23-10117

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 3:19-CR-620-1, 3:20-CR-28-1,
3:21-CR-539-1, 3:21-CR-600-1

_____

Before Smith, Higginson, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

In this consolidated appeal, Lani Limane appeals two criminal judgments and two judgments imposed after the district court had revoked his supervised release in two earlier cases. On appeal, Limane challenges, for the first time, his guilty-plea conviction of aggravated identity theft and the imposition of 12 terms of imprisonment in one of the revocation cases.

Regarding his guilty plea to aggravated identity theft, Limane has failed to establish any clear or obvious constructive amendment of his indictment because, in this case, he pleaded guilty to the same conduct for which he was indicted. *See United States v. Chaker*, 820 F.3d 204, 213 (5th Cir. 2016); *United States v. Robles-Vertiz*, 155 F.3d 725, 729 (5th Cir. 1998). In other words, the government maintained a single theory of conviction on the aggravated-identity-theft count because the indictment alleged, and Limane admitted at rearraignment, that Count 8 was based on his fraudulent transmission, by wire communication, of former Company A employees' access devices. *See Chaker*, 820 F.3d at 211; *United States v. Reasor*, 418 F.3d 466, 474–77 (5th Cir. 2005).

Limane's assertions of plain errors under Federal Rule of Criminal Procedure 11 are similarly unpersuasive, as the record establishes that the district court ensured Limane's understanding of the elements of aggravated identity theft at rearraignment. *See United States v. Vonn*, 535 U.S. 55, 58–59

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10112
c/w Nos. 23-10114, 23-10115, 23-10117

(2002); *United States v. Jones*, 969 F.3d 192, 198 (5th Cir. 2020); *United States v. De Nieto*, 922 F.3d 669, 677 (5th Cir. 2019). Contrary to Limane's contention that the crime charged in Count 8 constituted a different crime from the one to which he pleaded guilty, the record establishes that Counts 1 and 7 were based on the same fraudulent scheme, and Limane confirmed his understanding of that scheme at rearraignment. Further, the facts admitted by Limane establish the essential elements of aggravated identity theft. *See De Nieto*, 922 F.3d at 677; *Dubin v. United States*, 599 U.S. 110, 114 (2023); *United States v. Avalos-Sanchez*, 975 F.3d 436, 440 (5th Cir. 2020). Limane's novel factual-basis challenge does not establish plain error. *See United States v. Alvarado-Casas*, 715 F.3d 945, 951–52 (5th Cir. 2013).

As for the revocation sentence, Limane maintains that the district court erred by imposing more terms of imprisonment than allowed. *See United States v. Greer*, 59 F.4th 158, 161–62 (5th Cir. 2023); 18 U.S.C. § 3583(e)(3). The record shows, however, that the original sentencing court imposed 12 concurrent terms of supervised release, so the district court here did not err in imposing 12 consecutive terms of imprisonment upon revoking those terms of supervision. *See United States v. Gonzalez*, 250 F.3d 923, 928–29 (5th Cir. 2001).

Finally, Limane urges us to vacate his other two judgments to the extent that his theories above are successful. Because we reject those contentions, we decline to vacate the remaining judgments.

Accordingly, the judgments are AFFIRMED.