# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-40358
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Royce Demond Rice,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-107-2

———————————————————————

Before Elrod, *Chief Judge*, and Haynes, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Royce Demond Rice appeals the 48-month term of imprisonment imposed upon revocation of his supervised release. Rice contends that the district court miscalculated his advisory policy statement range under *United States v. Greer*, 59 F.4th 158 (5th Cir. 2023), by stacking terms of

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

imprisonment for two violations. He also argues that his sentence above the policy statement range is substantively unreasonable.

Because Rice entered into an agreement for the 48-month sentence and did not advocate for a lower sentence or object on procedural grounds, we review both issues for plain error only. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 172 (2020); *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). And on plain error review, even if we assume that the district court clearly or obviously erred by miscalculating the policy statement range, Rice does not demonstrate that such error affected his substantial rights, especially in light of his agreement to the sentence and the benefit he received as a result of the agreement. *See United States v. Davis*, 602 F.3d 643, 647–48 (5th Cir. 2010). Furthermore, given the district court's reliance on the parties' agreement in selecting the sentence, Rice does not show that the sentence is substantively unreasonable. *See Cano*, 981 F.3d at 427.

AFFIRMED.